**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

UNITED STATES OF AMERICA

v.                                          Case No. 4:02cr49

CHRISTOPHER ANTHONY THOMPSON,

      Defendant.

ORDER OF DETENTION

    In accordance with the Bail Reform Act, 18 U.S.C. § 3143, and Rules 32.1 and 46(d) of the Federal Rules of Criminal Procedure, the Court held a preliminary and detention hearing on November 27, 2006. For the reasons set forth below, the Court FINDS that Defendant's detention is warranted.

    Defendant was convicted of possession with the intent to distribute cocaine base, a Class B felony, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to a term of ninety-six (96) months in the penitentiary, later reduced pursuant to Fed. R. Crim. P. 35(b) to a term of fifty-six (56) months, to be followed by five (5) years of supervised release. On November 6, 2006, the Honorable Raymond A. Jackson, U.S. District Judge, endorsed a Petition on Supervised Release prepared by Rodney T. Lang, U.S. Probation Officer, alleging that Defendant committed the following violations of supervised release: (1) Commission of a crime – driving under suspension and reckless driving; (2) Failure

to satisfactorily participate in a drug treatment program; (3) Failure to follow the instructions of the Probation Officer; (4) Possession of cocaine; and (5) Association with a person convicted of a felony without the permission of the Probation Officer.

At the preliminary and detention hearing held on November 27, 2006, Defendant was represented by Assistant Federal Public Defender Walter B. Dalton. The United States was represented by AUSA Scott W. Putney.

The Court considered the proffers of the Government and Defendant, by counsel, as well as the testimony of the following witnesses: Tina Massie, Defendant's fiancé; Mary Thompson, Defendant's mother; and USPO Lang, Defendant's probation officer. The Court also considered Government's Exhibit No. 1, certain papers prepared by the probation officer including, *inter alia*, Defendant's Conditions of Supervision, Supervised Release Violation Worksheet, admission of drug use, and records related to the analysis of Defendant's urine for the presence of drugs.

Defendant waived his preliminary hearing. See Fed. R. Crim. P. 5.1(a)(1).

The Court, having considered the proffers of the Government and Defendant, by counsel, the testimony of the witnesses, and Government's Exhibit No. 1, concludes that Defendant, who bears the burden of proof, has failed to demonstrate by clear and convincing evidence that he does not pose a danger to any other person or the community. The Court notes that the Government has produced

evidence that Defendant has used cocaine repeatedly and has purchased cocaine from a convicted felon.  In addition, Defendant has not benefitted from substance abuse treatment.

Consequently, in accordance with the standards set forth in Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a), Defendant is ORDERED detained pending the hearing on the Petition alleging violations of supervised release.

Entered on November 27, 2006

/s/
F. Bradford Stillman
United States Magistrate Judge